# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**

       **Petitioner,**

  v.                                           **Case No. 07-C-351**

**WISCONSIN DEPARTMENT OF PROBATION AND PAROLE,
PHIL KINGSTON, WARDEN, and
LOUISIANA ATTORNEY GENERAL CARLES C. FOTI, JR.,**

       **Respondents.**

## DECISION AND ORDER

On April 17, 2007, Eddie Gene Evans filed this petition pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed in forma pauperis.

### I.  MOTION TO PROCEED IN FORMA PAUPERIS

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). A petitioner, however, may request leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. That statute is meant to ensure indigent litigants meaningful access to federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit and the attached trust account statement, I am satisfied that the petitioner is unable to pay the $5 filing fee. Petitioner's trust account statement shows that the balance of that account as of

April 12, 2007, was only $0.90. His starting balance was also $0.90, and his average monthly balance was $0.90.

## II.  RULE FOUR

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner's case is procedurally complicated. In 1985, petitioner was convicted of robbery and battery in Louisiana and sentenced to 35 years in prison. In 2003, petitioner was released subject to conditions and moved to Wisconsin. Shortly after arriving, petitioner was charged with threatening a dog and car-jacking, among other things; as a result, Louisiana issued a parole violation warrant and a parole detainer. Pursuant to the Interstate Compact for Adult Offender Supervision,[1] on June 25, 2003, Wisconsin provided petitioner with a due process hearing regarding Louisiana's parole violation warrant and detainer, and revoked his parole. In May 2004, petitioner pleaded guilty to Wisconsin criminal charges. Petitioner is currently serving a twenty-year Wisconsin sentence at Waupun Correctional Institution, and, once released, must serve the remainder of his Louisiana sentence in that state.

---

[1]"The compact provides a framework for the supervision of adult offenders who are authorized to travel across state lines, 'in such a manner as to enable each compacting state to track the location of offenders, transfer supervision authority in an orderly and efficient manner, and, when necessary, return offenders to their original jurisdictions.'" Williams v. Wisconsin, 336 F.3d 576, 582 (7th Cir. 2003) (quoting Wis. Stat. § 304.16).

On August 22, 2005, petitioner filed a petition for a writ of habeas corpus in the Western District of Wisconsin challenging the application of Louisiana's system of good-time credits and parole to his case. Essentially, he argued that Louisiana had illegally paroled him and thus could not legally revoke such parole. That petition was transferred to the Eastern District of Wisconsin and to my chambers. I then determined that the better venue for the case would be the Middle District of Louisiana. Further, I noted that while petitioner had filed his petition under § 2254, it was possible that it should be recharacterized as a § 2241 petition. I transferred the petition to the Middle District of Louisiana, where it is pending.

In the petition presently before me, petitioner primarily challenges the Wisconsin procedures that led to the revocation of his Louisiana parole. He states that he was denied notice of the allegations underlying the parole violation charges and denied the assistance of counsel at his hearing. He also states that the revocation hearing was a sham, lacking basic due process protections, and that the hearing officer lacked probable cause to support its revocation of petitioner's parole. Petitioner also asserts that the Wisconsin Department of Hearings and Appeals denied him due process when it refused to consider his arguments on appeal on the ground that they were matters of Louisiana, rather than Wisconsin, law. In addition, petitioner raises one claim unrelated to the procedures used at the revocation hearing and appeal – that prior to his revocation hearing, the Wisconsin Department of Probation and Parole held him in the Dane County Jail for more than 55 days without a preliminary hearing.

Each of petitioner's claims is constitutional in nature. However, his claim that the Wisconsin Department of Probation and Parole held him for more than 55 days without a preliminary hearing is not cognizable in a habeas action, as it challenges custody that long ago expired. This claim could be brought in a § 1983 civil action, but because it does not

challenge present or future custody, I will dismiss it from the present action without further discussion.

Petitioner's remaining claims, relating to his future custody in Louisiana, are both constitutional in nature and cognizable in a habeas corpus action.  See Peyton v. Rowe, 391 U.S. 54 (1968) (permitting a habeas challenge to future custody).  Further, I have jurisdiction over petitioner's petition, and it appears that the Eastern District of Wisconsin is an appropriate forum for such petition given that petitioner's claims challenge Wisconsin officials's conduct at a hearing and appeal that took place here.  See Braden v. 30th Judicial Circuit Ct., 410 U.S. 484 (1973).  However, questions remain – it is unclear whether this petition is better characterized as one brought under § 2254 or § 2241, and it is unclear who is the proper respondent.[2]  For now, I will accept petitioner's characterization of his petition as arising under § 2254 and will not dismiss or substitute any respondents.  After respondents appear in this action, perhaps the parties can assist me in determining the proper future course for this action.

**Therefore,**

**IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondents **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondents file a dispositive motion with their answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 45 days following the filing of

---

[2] I am unable to locate a single case involving the novel set of facts present here: a challenge to future custody in State A based on a denial of due process in State B in a hearing conducted by State B on State A's behalf.

respondents's answer within which to file his brief in support of his petition; (2) respondents shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondents's opposition brief within which to file a reply brief, if any.

In the event that respondents file a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondents's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondents shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondents, no matter whether in letter, brief, memorandum, or other form. Until respondents file their answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2007.

BY THE COURT:

s/Lynn Adelman
LYNN ADELMAN
District Judge