# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**
        Petitioner,

    v.                                                             Case No. 07-C-351

**WISCONSIN DEPARTMENT OF PROBATION AND PAROLE,**
**PHIL KINGSTON, WARDEN, and**
**LOUISIANA ATTORNEY GENERAL CARLES C. FOTI, JR.,**
        Respondents.

## DECISION AND ORDER

On April 17, 2007, Eddie Gene Evans filed this petition pursuant to 28 U.S.C. § 2254. As I noted in my April 26, 2007 screening order, petitioner's case is procedurally complicated. In 1985, petitioner was convicted of robbery and battery in Louisiana and sentenced to 35 years in prison. In 2003, petitioner was released subject to conditions and moved to Wisconsin. Shortly after arriving, petitioner was charged with serious crimes and as a result the Louisiana Parole Board issued a parole warrant. Pursuant to the Interstate Compact for Adult Offender Supervision, Wisconsin provided petitioner with a hearing regarding the alleged Louisiana parole violation. The hearing administrator found probable cause that petitioner had violated the terms of parole, and based on such finding, Louisiana issued a detainer. About one year later, petitioner pleaded guilty to the Wisconsin charges. Petitioner is currently serving a his Wisconsin sentence at Waupun Correctional Institution, and, once released, will have to return to Louisiana to face the parole charges there.

The present petition challenges the Louisiana detainer based on a lack of due process at the Wisconsin hearing held pursuant to the interstate compact. Petitioner states that he was denied notice of the allegations underlying the parole violation charges and denied the assistance of counsel at his hearing. He also states that the hearing was a sham and that the

hearing officer lacked probable cause to support its revocation of petitioner's parole. Petitioner further asserts that the Wisconsin Department of Hearings and Appeals denied him due process when it refused to consider his arguments on appeal on the ground that they were matters of Louisiana, rather than Wisconsin, law.[1]

The Wisconsin respondents have moved to dismiss the petition on the ground that it is not ripe. They present evidence that the Wisconsin hearing regarding petitioner's alleged Louisiana parole violation was only a preliminary hearing to determine whether there was probable cause of a violation that would warrant Louisiana's issuance of a detainer. They further present evidence that after petitioner serves his Wisconsin sentence and returns to Louisiana, he will receive a full revocation hearing. They further present evidence that Louisiana will only revoke petitioner's parole if it finds that petitioner has violated the terms of his release at this full hearing. As such, they argue that the Wisconsin hearing regarding the Louisiana parole violation has no effect on petitioner's present or future custody. Further, they present a United States Supreme Court case holding that a prisoner facing a detainer has no right to a speedy preliminary hearing; rather, he only has the right to one full hearing. Moody v. Daggett, 429 U.S. 78 (1976). They do not seek a dismissal with prejudice, which would more or less bar petitioner from ever challenging his Louisiana parole revocation. Rather, they seek a dismissal without prejudice so that if petitioner does not receive a full revocation hearing upon returning to Louisiana, he may file a habeas petition there.

Petitioner has responded to respondents' motion with one of its own. Petitioner has moved to stay execution of the Louisiana detainer until such time as I determine that

---

[1] In addition, petitioner originally raised one claim unrelated to the Louisiana matter – that prior to his revocation hearing, the Wisconsin Department of Probation and Parole held him in the Dane County Jail for more than 55 days without a preliminary hearing. However, in my April 27, 2007 screening order, I found that this claim was not cognizable in a habeas action, as it challenges custody that long ago expired, and dismissed it from this action.

Case 2:07-cv-00351-LA   Filed 08/14/07   Page 2 of 3   Document 15

petitioner's preliminary hearing was constitutional.  This is not really a motion to stay. Petitioner essentially asks me to enjoin Wisconsin and/or Louisiana officials from transporting him to Louisiana for a revocation hearing until I decide his case.

I must agree with respondents that petitioner's case is not ripe.  Petitioner is challenging Louisiana's parole revocation, but it is not yet certain that petitioner's Louisiana parole will be revoked.  The documents on record show that the Wisconsin hearing was only a preliminary hearing regarding probable cause and that Louisiana will conduct a full hearing in the future.  The Constitution permitted Louisiana to issue a parole warrant and detainer without any hearing.  See Moody, 429 U.S. 87-88.  As such, Louisiana has thus far given petitioner more process than was due by having Wisconsin hold a probable cause hearing. If Louisiana revokes petitioner's parole and incarcerates him after his release from Wisconsin custody without holding a due process hearing, he may file a federal habeas petition then.

Therefore,

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 13 day of August, 2007.

/s
LYNN ADELMAN
District Judge