# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**
        Petitioner,

v.                                                                                                            Case No. 07-C-351

**WISCONSIN DEPARTMENT OF PROBATION AND PAROLE,**
**PHIL KINGSTON, WARDEN, and**
**LOUISIANA ATTORNEY GENERAL CHARLES C. FOTI JR.,**
        Respondents.

## DECISION AND ORDER

On April 17, 2007, Eddie Gene Evans filed this petition pursuant to 28 U.S.C. § 2254 and on August 13, 2007, I dismissed it as unripe. Petitioner is currently a Wisconsin state prisoner. In his petition, he challenged his future custody in Louisiana for a violation of his Louisiana parole. Petitioner asserted that Wisconsin held a parole revocation hearing pursuant to the Interstate Compact for Adult Offender Supervision, and that such hearing did not provide him with due process. However, respondent presented evidence that the hearing held in Wisconsin was nothing more than a preliminary hearing and that petitioner's parole has not yet been revoked. Given that a parolee who is already in prison has no right to any preliminary hearing, I found that petitioner could not obtain habeas relief for any alleged deficiencies in the preliminary hearing that Wisconsin held on Louisiana's behalf. See Moody v. Daggett, 429 U.S. 78 (1976). I concluded that petitioner could challenge his Louisiana parole revocation at a later date after he is released from Wisconsin if Louisiana actually revokes his parole and takes custody of him without providing him with due process of law.

Petitioner has now filed a notice of appeal, along with a motion for relief from judgment, a request that has been interpreted as a motion to enlarge the appeal record, a request for a certificate of appealability and a request to proceed in forma pauperis on appeal.

## I.  MOTION FOR RELIEF FROM JUDGMENT

In petitioner's motion for relief from judgment, petitioner states that his petition "had absolutely nothing to do with a final Louisiana revocation proceedings [sic]; had absolutely nothing, directly, to do with louisiana [sic] detainer/warrant, pending against his Wisconsin prison records.  The sole issues that Evans alleged in his habeas corpus petition was the denial of due process, in the required, Wisconsin revocation proceedings."  (Mot. for Relief at 7.)  Petitioner offers two arguments that his case is not similar to Moody and that he was entitled to a full preliminary hearing.  First, he argues that the Interstate Compact for Adult Offender Supervision states that the receiving state (here, Wisconsin) will hold a probable cause hearing on behalf of the sending state (here, Louisiana) with due process protections.  However, this presents only a state law, rather than a federal law, matter.  The United States Constitution generally requires that a parolee who is imprisoned for a parole revocation receive a speedy preliminary hearing to determine probable cause in order to ensure that there is a factual basis for his imprisonment.  However, it does not require that a parolee who is already imprisoned for another offense receive a speedy preliminary hearing because the alleged parole violation has no effect on his liberty.  Moody, 429 U.S. 78.  That the Compact provides more process to parolees than that required by the Constitution does not alter the constitutional analysis and does not provide a proper ground for habeas relief.

Second, petitioner argues that Louisiana state law makes clear that he will never receive a final revocation hearing and thus the Wisconsin probable cause hearing is all the process that he will ever receive.  In my August 13, 2007 order, I cited evidence – namely, a letter from a Louisiana official to a Wisconsin official after the preliminary hearing – that Louisiana would ultimately provide a full hearing.  However, petitioner notes that since the writing of that letter, he was convicted of the Wisconsin charges and that Louisiana law provides for automatic parole revocation without a hearing for any parolee convicted of a

crime in another state. However, this information does not help petitioner. That Louisiana would revoke petitioner's parole based on his conviction even if the preliminary hearing had gone his way simply indicates that petitioner's habeas claim based on the preliminary hearing is moot rather than unripe.

Of course, there is a far more fundamental problem with petitioner's motion for relief from judgment – namely, that no judgment has been entered in this case. I dismissed petitioner's case without prejudice, which does not necessitate a judgment or act as a final order. As such, there is no judgment from which to relieve petitioner. To the extent that petitioner is simply asking me to alter my non-final order, for the reasons stated above, I decline to do so.

## II. MOTION TO ENLARGE APPEAL RECORD

Petitioner asks for the following documents to be added to the appeal record:

all Wisconsin state revocation proceedings documents, including transcript of the revocation hearing; Denial of review by Division of Hearings and Appeals, Admin. David Schwarz; case file of Wisconsin probation and parole Department; Revocation of parole Report submitted to Louisiana authorities by Williams Rankin, Admin. of Wisconsin Interstate parole compact; all communications between Wisconsin Interstate parole compact and louisiana [sic] interstate parole compact officials; all communication between Wisconsin and louisiana state parole Department officials – and all other document accumlated [sic] regarding Evans [sic] parole transfer and proceedings.

(Aug. 24, 2007 Letter From Evans.) The appeal record already contains some correspondence between Louisiana and Wisconsin officials filed by petitioner and respondent. However, generally, petitioner is asking to enlarge the appeal record to include numerous items that were not presented at the district court level. An appeal record may not be augmented with such documents. Borden, Inc. v. FTC, 495 F.2d 785, 788 (7th Cir. 1974). As such, I will deny petitioner's motion. I note, though, that all exhibits filed in this case, which include some documents that seem responsive to petitioner's request, are already part of the appeal record.

### III. COA AND IFP

I will deny petitioner's request for a certificate of appealability and to proceed in forma pauperis because petitioner is not entitled to appeal my non-final order dismissing his case without prejudice. It is true that the Seventh Circuit treats the dismissal without prejudice of a habeas petition as a final order permitting appeal where the dismissal effectively bars the petitioner from ever returning to court. Dolis v. Chambers, 454 F.3d 721, 724 (7th Cir. 2006). This scenario generally arises where a district court dismisses a petitioner without prejudice so that the petitioner can exhaust state remedies, but the statute of limitations period for filing a second habeas petition has already expired. See Id. at 724. The present case is quite different from Dolis. The present petitioner is not barred (by my order, at least) from bringing his claims back to federal court at a later date. Not only has the statute of limitations not expired, but it has not even begun to run, as Louisiana has not yet revoked petitioner's parole.

**Therefore,**

**IT IS ORDERED** that petitioner's motion for relief from judgment is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to enlarge the record on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request to proceed in forma pauperis on appeal is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28 day of August, 2007.

/s
LYNN ADELMAN
District Judge